UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JEREMY SHULTZ,

  Petitioner,

v.            Civil Action No. 2:18-cv-00899

RALPH TERRY, Warden, Mount
Olive Correctional Complex,

  Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and respondent's motion for summary judgment, filed July 30, 2018. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 8, 2019, the magistrate judge entered her PF&R recommending that the court grant the respondent's motion for summary judgment, deny the petitioner's petition, and dismiss this case. The court granted petitioner's request for additional time to file his objections, which were subsequently filed on March 6, 2019. The respondent responded to the objections on March 27, 2019.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The petitioner raises four objections, each of which pertain to the portion of the magistrate judge's PF&R finding that the West Virginia kidnapping statute, W. Va. Code § 61-2-14a, under which the petitioner was convicted, does not violate the Sixth Amendment right to trial by jury. <u>See</u> PF&R, ECF # 26 at 62-74.

W. Va. Code § 61-2-14a states that those who are found guilty of kidnapping "shall be punished by confinement by the Division of Corrections for life, and, notwithstanding the provisions of article twelve, chapter sixty-two of this code, is not eligible for parole." The statute allows for deviance from the sentence of life without parole, however, in the following instances:

> (1) A jury may, in their discretion, recommend mercy, and if the recommendation is added to their verdict, the person is eligible for parole in accordance with the provisions of article twelve, chapter sixty-two of this code;

2

> (2) If the person pleads guilty, the court may, in its discretion, provide that the person is eligible for parole in accordance with the provisions of article twelve, chapter sixty-two of this code and, if the court so provides, the person is eligible for parole in accordance with the provisions of said article in the same manner and with like effect as if the person had been found guilty by the verdict of a jury and the jury had recommended mercy;
>
> (3) In all cases where the person against whom the offense is committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him, but after ransom, money or other thing, or any concession or advantage of any sort has been paid or yielded, the punishment shall be confinement by the Division of Corrections for a definite term of years not less than twenty nor more than fifty; or
>
> (4) In all cases where the person against whom the offense is committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him or her, but without ransom, money or other thing, or any concession or advantage of any sort having been paid or yielded, the punishment shall be confinement by the Division of Corrections for a definite term of years not less than ten nor more than thirty.

In the course of a thorough and comprehensive analysis, the magistrate judge found that although the statute, under subsections (3) and (4), allows a judge to make findings of fact and amend the defendant's sentence accordingly, such does not violate the Sixth Amendment right to trial by jury because the judge, in accordance with those findings, may only reduce, rather than increase, one's sentence.

First, petitioner objects broadly to the magistrate judge's finding that "because the 'default sentence' is Life Without Parole, the judge determining 'elements' can only 'reduce' the sentence and not 'increase' the sentence imposed means West Virginia's Kidnapping Statute is in compliance with the Sixth Amendment Right to Trial by Jury[.]" Objections, ECF # 32 at 2. The statute explicitly states that one convicted of kidnapping "shall be punished by confinement . . . for life, and . . . is not eligible for parole[,]" W. Va. Code § 61-2-14a, making life without parole the default mandatory sentence. This undermines petitioner's argument that "the requisite determination of whether the victim is found not [to] have been released, alive, and without 'bodily harm,' increases a defendant's sentence from an otherwise definite term of years to life." Objections at 10. The magistrate judge applied the proper legal standards, thoroughly discussed relevant caselaw, and correctly resolved this issue. The PF&R states: "The fact that the statute . . . grants judges the authority to depart from th[e] mandatory sentence does not implicate the prohibition announced in Alleyne [v. United States, 570 U.S. 99 (2013)] as the statute does not allow judicial fact-finding to increase the mandatory minimum or maximum penalty." PF&R at 73. The court agrees with the magistrate judge's analysis on this point and this objection is overruled.

Second, the petitioner takes exception to the portion of the magistrate judge's analysis wherein she applied the reasoning of cases discussing the so-called "safety valve" statute to the issue here: "Petitioner specially OBJECTS to the PF&R's finding[] that . . . 18 U.S.C.A. § 3553(f) . . . should be considered by the Court in determining that the statute is not in violation of the Sixth Amendment[.]" Objections at 2. The magistrate judge discussed the safety valve statute because it, like the West Virginia kidnapping statute, allows for judges to lower a minimum sentence pursuant to certain factual findings. The magistrate judge found it persuasive that "circuit courts have unanimously upheld the [safety valve] statute against challengers alleging that the judicial fact-finding it allows violates the rule announce in Alleyne[.]" PF&R at 71. Because the effect of the West Virginia kidnapping statute mirrors that of the safety valve statute -- allowing a judge to make factual findings to reduce a sentence -- the magistrate judge did not err by considering the applicable reasoning of the federal courts. This objection is overruled.

Third, petitioner objects to the magistrate judge's finding "[t]hat the decisions of the State courts do not contravene clearly established Federal law as their decisions in the instant case never considered the change in law established in Alleyne[.]" Objections at 2. The petitioner is correct that

5

the West Virginia Supreme Court of Appeals has not considered the issue in light of Alleyne and thus the magistrate judge only considered cases from that court which predate Alleyne. The magistrate judge also found, however, that Alleyne does not require an outcome different from the state courts' prior decisions. Indeed, the magistrate judge aptly noted that because "none of the four exceptions [in the West Virginia kidnapping statute] contain elements specific to the core crime, nor elements of a 'new, aggravated crime,' that would be included in a document charging kidnapping[,] . . . Alleyne arguably has no relevance to West Virginia's kidnapping statute." PF&R at 70-71. The court agrees with the magistrate judge's analysis, and this objection is overruled.

Lastly, the petitioner objects to "[t]he PF&R's reliance on Rabb v. Ballard, No. CIV. A. 2:09-0159, 2011 WL 1299354, at *1 (S. D. W. Va. Mar. 31, 2011) [as being] misplaced [because] Magistrate Judge Mary Stanley recommended that relief be GRANTED but the District Court DENIED relief on Rabb's Apprendi [v. New Jersey, 530 U.S. 466 (2000)] claim, not on the merits, but because he had no right to have his claim reviewed under Apprendi and its progeny[.]" Objections at 2-3. The petitioner is correct that the court in Rabb found that Apprendi did not apply because it was not established precedent as of October 12, 1999, when appellate review of Rabb's case became

6

final. Rabb at *3. The magistrate judge's reliance on this case was not misplaced, however, inasmuch as she applied it primarily to determine whether Alleyne, issued June 17, 2013, should be considered here, where the West Virginia Supreme Court of Appeals affirmed petitioner's conviction on April 16, 2013. Although Alleyne was issued two months after the state court affirmed petitioner's conviction, the magistrate judge correctly found it to be applicable because in cases where, as here, a petitioner does not petition the United States Supreme Court for a Writ of Certiorari, direct review of the case expires -- and the judgment becomes final -- ninety days after the last judgment in the case. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000), and see Rabb at *2 ("Respecting timing, the focus is not Supreme Court precedent at the conclusion of state habeas proceedings, but rather the shape of things on the date when direct appellate review terminated."). Accordingly, the judgment became final here on July 16, 2013, after Alleyne was decided.

The magistrate judge did not significantly rely on Rabb when considering the constitutionality of the West Virginia kidnapping statute, and moreover, found several independent reasons to uphold the statute. This objection is overruled.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled.

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full.

3. That this civil action be dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: March 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge